## Kate Hall, Administratrix, Appellee, v. Vandalia Railroad Company, Appellant.

1. FEDERAL EMPLOYERS LIABILITY ACT—*effect of contributory negligence.* While under this act contributory negligence by the employe will not absolutely bar a recovery, yet such contributory negligence is proper to be shown in mitigation of damages, and where the evidence tends to establish contributory negligence, instructions which ignore the principle above, are erroneous and ground for reversal.

2. FEDERAL EMPLOYERS LIABILITY ACT—*when defense of assumed risk available.* It is only in a case where there was a violation of the statute enacted for the safety of the employes that contributed to the injury or death of the employe that it is to be held as a matter of law that the employe did not assume the risk of his employment.

3. FEDERAL EMPLOYERS LIABILITY ACT—*when defendant engaged in interstate commerce. Held,* that the defendant is engaged in interstate commerce within the meaning of the Federal Employers Liability Act where it appears that the injury occurred while the defendant was engaged in moving freight from its point of shipment in one state to its destination in another or others.

4. FEDERAL EMPLOYERS LIABILITY ACT—*when declaration not fatally defective.* A declaration invoking the Federal Employers Liability Act is not fatally defective where it alleges that the suit is brought for the benefit of the "widow and next of kin," when it should allege that it is brought for the benefit of the "surviving widow and children of the employe."

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the HON. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

WHITNEL, BROWNING & GILLESPIE, for appellant; FORYCE, HOLLIDAY & WHITE, of counsel.

DAN McGLYNN and JOHN C. ROBERTSON, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, Kate Hall, seeks in this case to recover damages as administratrix of the estate of her husband, Richard O. Hall, against appellant, for the death of her intestate, alleged to have been caused by negligence of appellant, claiming a right of recovery under and by virtue of an act of Congress entitled "An Act relating to the liability of common carriers by railroad, to their employees in certain cases," approved April 22, 1908, commonly known as the Federal Employers Liability Act.

Each of the two counts of the declaration sets out that on August 8, 1910, appellant was a common carrier, engaged in commerce between the states of Illinois and Indiana and was possessed of and maintained a certain railway switching yard in the city of East St. Louis, Illinois, wherein were located divers railway tracks over which certain servants of appellant moved, switched and handled railroad cars, loaded with merchandise, while engaged in such commerce as aforesaid; that on said date and for several weeks

prior thereto appellant negligently maintained a certain pile of lumber in such close proximity to one of said tracks in said highways known as No. 4, as to be dangerous to the life and limb of its servants engaged in switching cars upon and over said track; that Richard O. Hall, plaintiff's intestate, was employed by appellant in said yards in the night time, in switching and handling on and over said track No. 4, a certain car loaded with merchandise and while said car was engaged and being used in interstate commerce; that while said Hall was engaged in his usual and customary duties as a switchman and while he was standing in the stirrup of said car as the same was being moved upon and over said track, he came in contact with said pile of lumber and was knocked from the car and killed.

The negligence alleged in one count of the declaration is the placing of said lumber in such close proximity to the track as to be dangerous and permitting it to remain there; and in the other count the dangerous proximity of the lumber and also a defective and insufficient roadbed caused thereby.

Upon the trial the jury returned a verdict in favor of appellee for $10,000 and a motion for a new trial and in arrest of judgment having been overruled, judgment was entered for that amount.

The proof discloses that appellant operates a railroad from East St. Louis to Indianapolis, Indiana, and has three switching yards in or near East St. Louis, one of which is called "The lower yard" where, between tracks No. 4 and No. 5, some six weeks or two months prior to the date of the injury mentioned in the declaration, two piles of lumber used for making railroad crossings each 12 to 14 feet long and 4 or 5 feet high, had been placed; that intestate, Hall, had worked in these yards about a year and a half as a switchman and when the foreman was not working he

would act as foreman of the crew; that this lumber was placed so close to the track as to be dangerous to switchmen standing on a ladder on the side of a car passing on track 4; that on the night of the day in question Hall was riding on a freight car with his feet in the stirrup and his hips hanging down about even with his feet so that his body extended out from the side of the car; that he did not rise or change his position as he reached the pile of lumber; that he was struck and knocked off the car by it and shortly thereafter died from his injuries, leaving surviving him a widow and three minor children.

It was claimed by appellant, that there was some proof tending to show that Hall knew the danger caused by the proximity of the lumber to the track and that he had avoided it a number of times by raising himself in the ladder as he passed on the car. We deem it inexpedient to make a more extended statement of the facts, for the reason that this case must be reversed and remanded for another trial for other reasons.

Appellant in its brief urges 17 reasons why the judgment of the court below should be reversed, but they may properly be considered under four heads. The principal questions involved arise upon the construction to be given to the Federal statute, relied on by appellee in her behalf, and under which the suit is brought. Sections 1, 3 and 4 of that statute which are particularly involved here, are as follows:

"1. Be it enacted by the Senate and House of Representatives of the United States of America in Congress Assembled, that every common carrier, by railroad, while engaging in commerce between any of the several States or Territories or between any of the several states and territories * * *, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employe, to his or her

personal representatives, for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents; and, if none, then of the next of kin dependent upon such employe, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employes of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.''

Section 3. ''That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to any employe or where such injuries have resulted in his death, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe; Provided, that no such employe who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employes contributed to the injury or death of such employe.''

Section 4. ''That in any action brought against any common carrier under or by virtue of the provisions of this act to recover damages for injuries to or the death of any of its employes, such employe shall not be held to have assumed the risk of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employes contributed to the injury or death of such employe.''

Appellant claims, and such claim is stated in a number of different ways, that the court below erred in holding on the trial, and by his rulings on instructions, that while the fact the evidence was such as to show that the deceased was, as a matter of law, guilty of contributory negligence and had assumed the risk

at common law, nevertheless, under the statute above referred to, the defendant was not entitled to the benefit of those defenses.

Appellee on the other hand contends that said employers liability statute "gives a right of action and provides that the defendant shall be liable in damages for any violation of the act and that by reason of that fact, the defenses of contributory negligence and assumption of risk, are not available to the defendant."

The main question presented to us therefore is, can appellant in this suit, brought under the statute, avail itself of the defense of contributory negligence and assumption of risk or either of them on the part of said Hall, or to state the converse, is appellee entitled to recover, regardless of the questions whether her intestate was guilty of contributory negligence at the time he was injured or the facts showed a condition of affairs which under the common law would constitute an assumption of risk.

It will be observed that section 1 of the statute provides, that every common carrier by railroad, while engaged in commerce between the states, shall be liable in damages for the injury or death of an employe, resulting or caused in whole or in part by the negligence of such carrier, or by reason of any defects or insufficiency due to its negligence in its cars, etc.

Appellee's counsel claims that the general language of this statute must prevail and under it the defenses of contributory negligence and assumption of risk cannot be availed of as a defense, and cites in support of his theory numerous well known cases, where it has been held by the supreme court of this state, that such defenses cannot be availed of in suits brought under the mining act and the child labor law.

It will be further observed however, that section 3 provides, that the fact that the employe may have

been guilty of contributory negligence, shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe; Provided, that no such employe shall be held to have been guilty of contributory negligence, where the violation by such common carrier of any statute enacted for the safety of employes, contributed to the injury or death of the employe. It is further provided, in section 4, that such employe shall not be held to have assumed the risk of his employment in any case, where the violation by such common carrier of any statute, enacted for the safety of employes, contributed to the injury or death of such employe. It appears to us that considering the words and sentences used, according to their ordinary acceptation, the intent of the act, so far as the same applies to this case, is readily to be understood. Section 1 gives a right of action for the injury or death of an employe, resulting in whole or in part from the negligence of the common carrier, or from defects, due to its negligence, in its cars, appliances, etc. Section 3, which is entirely in harmony with section 1, plainly provides that in all actions under the statute, contributory negligence shall not be a bar to a recovery, but it directly provides that the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe. Mondou v. N. Y. N. H. & B. R. R. Co., U. S. Supreme Court, Opinion filed January 15, 1912. The section also plainly provides that the doctrine of contributory negligence on the part of the employe shall not be a defense in case the violation by the common carrier of any statute, enacted for the safety of employes, contributed to the injury or death of the employe.

In this case there was no proof whatsoever of the violation by appellant of any statute enacted for the

safety of its employes, consequently the proviso cannot be called into action. Under section 3, appellant was entitled to have the jury consider contributory negligence on the part of Hall, if proven, to diminish the damages. No instruction given by the court stated the law on this subject, to the jury, although some of appellant's refused instructions bore upon the question of contributory negligence.

Only one instruction was given on behalf of appellee and that told the jury, that if they found the defendant guilty, then in assessing plaintiff's damages, they had a right to take into consideration all of the testimony offered upon that question and allow such damages as they might deem fair and just compensation with reference to the pecuniary injury resulting from the death of the plaintiff's intestate to his widow and next of kin, and that in estimating plaintiff's damages, they had a right to take into consideration whatever they might believe from the evidence the widow and next of kin might have reasonably expected in a pecuniary way from the continued life of the intestate.

Appellant was claiming that Hall had been guilty of contributory negligence and there was evidence tending to sustain that contention. This instruction wholly ignored the question of contributory negligence and the duty of the jury to consider it under the statute above referred to, in diminution of damages, and the giving of the same was for that reason reversible error. The instruction was also inaccurate in referring to the widow and next of kin as the parties entitled to compensation in case damages were allowed, when it should have named the widow and children, but we do not consider this so serious an inaccuracy as to constitute reversible error.

Section 4 of the Federal Act appears to us to plainly indicate that it is only in a case where there was a

violation of the statute enacted for the safety of the employes and the same contributed to the injury or death of the employe that it is to be held as a matter of law, that the employe did not assume the risk of his employment. If, as contended by appellee, the defense of assumption of risk is not available even in a case like this where there was no violation of any safety statute, by reason of the general language used in section 1, then section 4 would be wholly useless and nugatory. We agree with the contention of appellant that under the facts of this case, it was entitled to avail itself of the defense of assumed risk, but we do not agree with it that the question as presented here was one of law which the court should have decided in favor of appellant, but are of the opinion that it was a question of fact to be submitted to the jury.

It is a contention of appellant that the facts in this case do not show that appellant was at the time of the injury in question engaged in interstate commerce. It was held in U. S. v. Col. & N. W. R. R. Co., 157 Fed. Rep. 321, that, "every part of every transportation of articles of commerce in a continuous passage from a commencement in one state to a prescribed destination in another state, is a transaction in Interstate Commerce * * *. Every carrier who transports such goods to any part of such continuous passage is engaged in interstate commerce whether the goods are carried upon through bills of lading or rebilled by the general carrier." The freight carried in the car in question had been loaded into the car at Indianapolis, Indiana, and included shipments for consignees in East St. Louis, Illinois, and St. Louis, Missouri. At the time of the injury the car had not reached its destination but was being moved to the platform or warehouse where it was to be unloaded. These facts show that the injury occurred while appellant was engaged

in moving freight from its point of shipment in one state to its destination in another or others and was therefore engaged in interstate commerce.

Complaint is further made by appellant that the declaration was insufficient because the suit is brought for the benefit of. the "widow and next of kin" when under the statute relied upon, it should have been brought for the benefit of the "surviving widow and children of the employe." This however is not a matter of vital importance as we have above indicated and may be readily corrected on another trial of the case.

For the reason that appellant was not given the benefit on the trial of the defense of contributory negligence in diminution of damages, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*